UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61400-CIV- SINGHAL/REID

ALICE JONES,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law ("Plaintiff's Motion for Summary Judgment") (DE [14]) and Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law ("Defendant's Motion for Summary Judgment") (DE [18]). In this case, Plaintiff Alice Jones ("Plaintiff") seeks reversal and remand of the Decision of the Administrative Law Judge ("ALJ") denying her claims for Social Security Disability Insurance ("SSD") and Supplemental Security Income ("SSI"). This case was referred to the Honorable Lisette M. Reid, United States Magistrate Judge ("Judge Reid"), for a ruling on all pre-trial, non-dispositive matters, and a report and recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. Both parties moved for summary judgment, and the instant motions are ripe for adjudication.

Judge Reid issued a Report & Recommendation on Cross-Motions for Summary Judgment ("Report & Recommendation") (DE [20]) on July 28, 2026. In the Report & Recommendation (DE [20]), Judge Reid recommends Plaintiff's Motion for Summary

Judgment (DE [14]) be denied, Defendant's Motion for Summary Judgment (DE [18]) be granted, and the Administrative Law Judge's ("ALJ") decision be affirmed. Plaintiff's Objections to the Magistrate Judge's Report and Recommendations ("Plaintiff's Objections") (DE [21]) were timely filed on August 11, 2026.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the findings and recommendations. 28 U.S.C. § 636(b)(1). On the other hand, if a party files objections, the district court must determine *de novo* any part of the magistrate judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court has carefully reviewed the Report & Recommendation (DE [20]), the competing motions for summary judgment (DE [14], [18]), Plaintiff's Objections (DE [21]), the record in this case, the applicable law, and is otherwise fully advised. In addition, the Court has conducted a *de novo* review of the Report & Recommendation (DE [20]) in light of the Plaintiff's Objections (DE [21]). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); see also *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Reid's Report & Recommendation (DE [20]) to be well-reasoned and the analysis contained therein to be correct.

## I. BACKGROUND

There is no need to rewrite the facts and background well-articulated by Judge Reid. This Court adopts Judge Reid's description of the administrative history and the

record below as set forth in the Report & Recommendation (DE [20]) and incorporates that background by reference herein.

## **II. LEGAL STANDARD**

Judicial review of the ALJ Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "more than a mere scintilla, but less than a preponderance") (citing *Bloodsworth,* 703 F.2d at 1239). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *Packer v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Even if evidence preponderates against the ALJ Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Critical to the Court's review of the Report & Recommendation (DE [20]) in this case, courts "may not reweigh the evidence or decide facts anew, and must defer to the ALJ's decision if it is supported by

substantial evidence . . . .” *Baez v. Comm’r of Soc. Sec.*, 657 Fed. Appx. 864, 868 (11th Cir. 2016) (citing *Dyer*, 395 F.3d at1210); see also *Winschel*, 631 F.3d at 1178 (“We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].”) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). In contrast, review of the ALJ’s application of legal principles is plenary. *See Foote*, 67 F.3d at 1558.

## III. DISCUSSION

Upon conducting a *de novo* review, the Court finds Judge Reid’s Report & Recommendation (DE [20]) to be well-reasoned and correct, and the Court agrees with the analysis set forth therein. In response to the Report & Recommendation (DE [20]), Plaintiff reasserts her arguments as set forth in her Motion for Summary Judgment (DE [14]) and asserts the following Objections (DE [21]): (1) whether the Court should decline to adopt Judge Reid’s finding that primary care provider Dr. Meigs’ opinion was only supported by Plaintiff’s subjective statements and was inconsistent with the evidence of record, and (2) whether the Court should decline to adopt Judge Reid’s finding that substantial evidence supports the inclusion of no mental limitations in the RFC.

These objections are due to be overruled. First, while Plaintiff’s objections are generally well articulated, they are improper because they largely expand upon and reframe arguments already presented and considered by Judge Reid in the Report & Recommendation (DE [20]), or they simply disagree with the Report’s conclusions. Indeed, the issues raised in Plaintiff’s Objections (DE [21]) are already addressed in the Report & Recommendation (DE [20]). It is well settled that an objecting party may not “submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.

Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report & Recommendation]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Additionally,

> "[i]n order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. Appx. at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v.McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019). The Objections (DE [21]) lack specificity regarding the (DE [20]) Report & Recommendation's alleged errors, other than to reframe arguments already presented to the Court.

While reviewing the order in which they are addressed by Judge Reid in the Report & Recommendation (DE [20]) compared to Plaintiff's Objections (DE [21]), Plaintiff appears to reassert very similar arguments to those already addressed by the Report & Recommendation (DE [20]): (1) whether the ALJ properly evaluated the severity and limiting effects of Plaintiff's mental impairments, and (2) whether the ALJ properly evaluated the medical opinions regarding Plaintiff's physical limitations. While worded differently, and in reverse order of the Report & Recommendation (DE [20]), Plaintiff's

Objections (DE [21]) boil down to whether the Court should decline to adopt Judge Reid's findings regarding Plaintiff's (1) physical limitations, and (2) mental limitations.

Second, Plaintiff's Objections (DE [21]) must be overruled because each objection, in essence, requests that this Court "reweigh the evidence or decide facts anew," rather than affording the requisite amount of deference to the ALJ's Decision, where supported by substantial evidence in the record. *Baez*, 657 Fed. Appx. at 868 (citing *Dyer*, 395 F.3d at 1210); see also *Bloodsworth*, 703 F.2d at 1239 ("In reviewing claims brought under the Social Security Act, [the courts'] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary."). The Court should affirm the ALJ Decision where, as here, "the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted); *see also Fiebel v. Comm'r of Soc. Sec.*, No. 18-80642, 2019 WL 4694220, at *1 (S.D. Fla. Aug. 15, 2019). Judge Reid's Report & Recommendation (DE [20]) discusses in detail the relevant evidence considered in the ALJ Decision, and upon an independent review of the record, the Court agrees with the Report's reasoning, conclusions, and recommendations. Plaintiff's Objections (DE [21]) are, therefore, overruled.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Judge Reid's Report & Recommendation on Cross-Motions for Summary Judgment (DE [20]) is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [14]) is **DENIED**.

3. Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [18]) is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF